IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELIZABETH COCHRAN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:21-cv-3-SMD |
| | ) |
| KILOLO KIJAKAZI, | ) |
| *Acting Commissioner of Social Security*, | ) |
| | ) |
|    Defendant. | ) |

## **OPINION & ORDER**

Plaintiff Elizabeth Cochran ("Cochran") applied for a period of disability and disability insurance benefits ("DIB") on September 29, 2018, alleging she became disabled on December 31, 2017. (Tr. 326-327). Cochran's application was denied at the initial administrative level on December 10, 2018. (Tr. 295-296). She then requested and received a hearing before an Administrative Law Judge ("ALJ"), who found on April 3, 2020, that Cochran was not disabled. (Tr. 45-65, 66-98). Cochran appealed the ALJ's decision to the Social Security Appeals Council (the "Appeals Council"), which denied review. (Tr. 1-8). Therefore, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner"). *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Cochran now appeals that decision under 42 U.S.C. § 405(g). For the reasons that follow, the undersigned AFFIRMS the Commissioner's decision.[1]

---

[1] Under 28 U.S.C. § 636(c), the parties have consented to the undersigned Chief United States Magistrate

**I.     STATUTORY FRAMEWORK**

The Social Security Act establishes the framework for determining who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). In making a benefits determination, an ALJ employs a five-step process:

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or medically equal one of the specific impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

20 C.F.R. § 404.1520(a); 20 C.F.R § 416.920(a)(4). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of not disabled." *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[2] A claimant bears the burden of proof through step four. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996). The burden shifts to the Commissioner at step five. *Id.*

To perform the fourth and fifth steps, the ALJ must first determine the claimant's Residual Functional Capacity ("RFC"). *Phillips v. Barnhart*, 357 F.3d 1232, 1238-39 (11th Cir. 2004). A claimant's RFC is what the claimant can still do—despite her impairments—

---

Judge conducting all proceedings and entering final judgment in this appeal. Pl.'s Consent (Doc. 4); Def.'s Consent (Doc. 5).

[2] *McDaniel* is a SSI case. SSI cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 875 n.* (11th Cir. 2012) (per curiam) ("The definition of disability and the test used to determine wshether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

based on the relevant evidence within the record. *Id.* The RFC may contain both exertional and non-exertional limitations. *Id.* at 1242-43. Considering the claimant's RFC, the ALJ determines, at step four, whether the claimant can return to past relevant work. *Id.* at 1238. If a claimant cannot return to past work, the ALJ considers, at step five, the claimant's RFC, age, education, and work experience to determine if there are a significant number of jobs available in the national economy the claimant can perform. *Id.* at 1239. To determine if a claimant can adjust to other work, the ALJ may rely on (1) the Medical Vocational Guidelines ("Grids")[3] or (2) the testimony of a vocational expert ("VE").[4] *Id.* at 1239-40.

## II.  STANDARD OF REVIEW

A federal court's review of the Commissioner's decision is limited. A court will affirm the Commissioner's decision if the factual findings are supported by substantial evidence and the correct legal standards were applied. *Kelley v. Apfel*, 185 F.3d 1211, 1213 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997)). A court may reverse the Commissioner's final decision when it is not supported by substantial evidence, or the proper legal standards were not applied in the administrative proceedings.

---

[3] The Grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. *See* 20 C.F.R. pt. 404 subpt. P, app. 2. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id.*

[4] A vocational expert is an "expert on the kinds of jobs an individual can perform based on his or sher capacity and impairments." *Phillips*, 357 F.3d at 1240.

*Carnes v. Sullivan*, 936 F. 2d 1215, 1218 (11th Cir. 1991). A court is required to give deference to factual findings, with close scrutiny to questions of law. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145 (11th Cir. 1991).

"Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Despite the limited nature of review, a court must scrutinize the record in its entirety and take account of evidence that detracts from the evidence relied on by the ALJ. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987); *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986). However, a court may not decide the facts anew or substitute its judgment for that of the Commissioner. *Cornelius*, 936 F. 2d at 1145.

## III.    ADMINISTRATIVE PROCEEDINGS

Cochran was 47 years old on her alleged disability onset date. (Tr. 282, 326). She has a bachelor's degree in resource management and past relevant work experience as a program manager handling economic development grants for the State of Alabama. (Tr. 75, 347). Cochran alleged disability due to depression, ADHD, anxiety, fibromyalgia, probable ALS, degenerative disk disease, osteoarthritis-knees, diabetes type II, migraines, chronic pain, tarsal tunnel syndrome (bilateral lower limbs), peripheral artery disease, insomnia, C-diff, double vision, tremors, and dizziness.  (Tr. 346, 384).

In the administrative proceedings, the ALJ made the following findings with respect to the five-step evaluation process for Cochran's disability determination. At step one, the

ALJ found that Cochran has not engaged in substantial gainful activity since December 31, 2017, her alleged onset date. (Tr. 50). At step two, the ALJ found that Cochran suffers from the following severe impairments: depression, attention deficit hyperactivity disorder (ADHD), anxiety, fibromyalgia, degenerative disk disease of the lumbar spine, osteoarthritis in the knees, diabetes mellitus, and migraine headaches. (Tr. 50). At step three, the ALJ found that Cochran does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Tr. 51-54).

The ALJ proceeded to determine Cochran's RFC, holding that she has the capacity to perform light work as defined by 20 C.F.R. § 404.1567(b) with some additional postural, environmental, and mental limitations. (Tr. 54). At step four, the ALJ found that Cochran is unable to perform any past relevant work. (Tr. 59). At step five, the ALJ relied upon the testimony of a VE and determined that "considering [Cochran's] age, education, work experience, and [RFC], [she] is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 59). Those jobs include sorter, marker, and office helper. (Tr. 60). Accordingly, the ALJ found that Cochran was "not disabled" from December 31, 2017, through the date of the decision, April 3, 2020. (Tr. 60).

### IV. COCHRAN'S ARGUMENTS

Cochran argues that the ALJ's RFC finding is not based on substantial evidence because he failed to consider her manipulative limitations, her limitations in relation to her

osteoarthritis, and her need for a cane. Pl.'s Br. (Doc. 13) at 5-8; Reply (Doc. 18) at 1-3. Next, Cochran argues that the Appeals Council erred by denying review of her case despite new and material evidence that she submitted after the ALJ's decision including a prescription for a straight cane and an application for a disability parking permit. Pl.'s Br. (Doc. 13) at 9-13; Reply (Doc. 18) at 3-5. Finally, Cochran argues that the ALJ committed error by failing to properly consider her C. diff and diabetic chronic kidney disease at step two and beyond. Pl.'s Br. (Doc. 13) at 14-15.

## IV.   ANALYSIS

### A.   Substantial Evidence Supports the ALJ's RFC Finding.

Cochran argues that the ALJ's RFC finding is not based on substantial evidence because he failed to consider her manipulative limitations, her limitations in relation to her osteoarthritis, and her need for a cane. Pl.'s Br. (Doc. 13) at 5-8; Reply (Doc. 18) at 1-3. The RFC "is the most [the claimant] can still do despite [her] limitations," and must be based "on all relevant evidence in [the] case record." 20 C.F.R. § 416.945(a)(1). Formulation of a claimant's RFC is reserved for the ALJ, who must support his findings with substantial evidence. *Tocco v. Comm'r of Soc. Sec.*, 2022 WL 3362863, at *8 (M.D. Fla. July 28, 2022). An ALJ's RFC determination is supported by substantial evidence if it "provide[s] a sufficient rationale to link substantial record evidence to the legal conclusions reached." *Eaton v. Colvin*, 180 F. Supp. 3d 1037, 1055 (S.D. Fla. 2016) (internal quotes and citations omitted). The ALJ is not required to refer to every piece of evidence, so long as his RFC finding is not arbitrary and allows the reviewing Court to

determine that he considered the plaintiff's medical condition as a whole. *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).

Here, the ALJ determined that Cochran could perform light work with some additional postural, environmental, and mental limitations. (Tr. 54). Plaintiff first argues that the ALJ should have made specific findings on limitations regarding handling, fingering, and feeling because many unskilled light jobs require use of the arms and hands to grasp, hold, and turn objects. Pl.'s Br. (Doc. 13) at 6-7; Reply (Doc. 18) at 1-2. However, there is no requirement for "the ALJ to perform a detailed written analysis of each impairment's effects on the claimant's ability to perform each and every work-related function such as sitting, standing, walking, lifting, carrying, pushing, and pulling." *Belvin v. Colvin*, 2014 WL 1320227, at *5 (M.D. Ala. Mar. 28, 2014). The ALJ specifically noted pain specialist Dr. Rachelle Janush's August 20, 2019, office visit finding 3/5 bilateral grip strength and other portions of the medical record that showed "normal muscle strength and tone in the upper and lower extremities, normal appearance of the . . . upper and lower extremities . . . [and] intact sensation in the bilateral hands and feet." (Tr. 56). This is substantial evidence supporting the ALJ's conclusion that Cochran's RFC did not require a handling, fingering, and feeling limitation.

Next, Cochran argues that the ALJ failed to consider limitations resulting from her severe impairment of osteoarthritis in his RFC determination. Pl.'s Br. (Doc. 13) at 7-8; Reply (Doc. 18) at 3. In formulating Cochran's RFC, the ALJ specifically noted that plaintiff was claiming disability due to osteoarthritis in the knees among other things. (Tr.

7

55).  He also noted that she reported being unable to climb stairs, kneel, or squat, but found that Cochran's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical and other evidence.  (Tr. 55).  The ALJ discussed medical records showing, inter alia, "5/5 motor strength in the bilateral hips and knees through the present," and "normal gait and station," as well as "normal range of motion in the bilateral lower extremities."  (Tr. 56).  He also noted that the medical record showed that Cochran's symptoms were successfully treated with physical therapy, injection therapy, and Fentanyl for pain.  (Tr.56).  The ALJ was not required to separately discuss lower extremity symptoms due solely to osteoarthritis in the knees, and his discussion of the evidence showing the overall condition of Cochran's lower extremities is sufficient to satisfy the substantial evidence standard.

Finally, Cochran argues that the ALJ erred by failing to include her need for a cane to balance as a limitation in the RFC.  Pl.'s Br. (Doc. 13) at 8-9.  The ALJ specifically noted that "[t]he claimant presented to the hearing with a cane, which she testified she uses to help with balance."  (Tr. 56).  He also noted that physical examinations during the relevant period "consistently describe non-tandem gait without use of an assistive device," and concluded that "[w]hile [Cochran] testified that she has used a cane for a number of months and years, the medical record does not report consistent use of a cane for ambulation."  (Tr. 56).  Therefore, the ALJ specifically considered Cochran's need for a cane in light of her testimony and the medical record, and his decision not to include it as a limitation in her RFC is supported by substantial evidence.

At bottom, Cochran's RFC arguments all contend that there is evidence in the record supporting additional limitations in her RFC. However, this is not the issue before the Court. The Eleventh Circuit explains that "[u]nder the substantial evidence standard, [a court] cannot look at the evidence presented to [an administrative agency] to determine if interpretations of the evidence other than that made by the [agency] are possible. Rather, [a court] review[s] the evidence that was presented to determine if the findings made by the [agency] were unreasonable." *Adefimi v. Ashcroft*, 386 F.3d 1022, 1029 (11th Cir. 2004) (en banc). Substantial evidence judicial review "is highly deferential and we consider only whether there is substantial evidence for the findings made by the [agency], *not* whether there is substantial evidence for some *other* finding that could have been, but was not, made. That is, even if the evidence could support multiple conclusions, we must affirm the agency's decision unless there is no reasonable basis for that decision." *Id.* (internal quotes and citation omitted).

In making his RFC finding here, the ALJ considered Cochran's symptoms for each condition, and the extent to which her symptoms could reasonably be accepted as consistent with the objective medical evidence and other record evidence. (Tr. 54-58). The ALJ considered Cochran's medical condition as a whole and provided sufficient narrative discussion to link the relevant record evidence with the conclusions he reached. Therefore, the ALJ's RFC determination is supported by substantial evidence. Simply because the ALJ chose not to adopt further limitations that could also be supported by the evidence does not mean that he erred in formulating Cochran's RFC.

**B.     Cochran's Additional Evidence**

Cochran argues that additional evidence she submitted to the Appeals Council including a prescription for a straight cane and an application for a disability parking permit warrant remand. Pl.'s Br. (Doc. 13) at 9-13; Reply (Doc. 18) at 3-5. With a few exceptions, a claimant is allowed to present additional evidence related to her disability at each stage of the Social Security administrative process. *See* 20 C.F.R. § 404.900(b). If a claimant presents additional evidence to the Appeals Council after an ALJ has rendered an unfavorable decision regarding disability, the Appeals Council must consider the additional evidence if it "is new, material, and relates to the period on or before the date of the hearing decision." 20 C.F.R. § 404.970(a)(5); *Hunter v. Soc. Sec. Admin, Comm'r*, 705 F. App'x 936, 939 (11th Cir. 2017). Evidence is new when it is noncumulative of the evidence before the ALJ. *Beavers v. Soc. Sec. Admin., Comm'r*, 601 F. App'x 818, 821 (11th Cir. 2015). Evidence is material if there is a reasonable probability that it would change the administrative results. *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). And evidence is chronologically relevant when "it relates to the period on or before the date of the [ALJ's] hearing decision." *McCullars v. Comm'r Soc. Sec. Admin.*, 825 F. App'x 685, 692 (11th Cir. 2020) (per curiam) (quoting 20 C.F.R. § 416.1470).

"[W]hen the Appeals Council erroneously refuses to consider evidence, it commits legal error and remand is appropriate." *Washington v. Soc. Sec. Admin, Comm'r*, 806 F.3d 1317, 1321 (11th Cir. 2015). The Appeals Council's decision is subject to judicial review under sentence four of section 405(g)). *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d

10

1253, 1265 (11th Cir. 2007). Pursuant to a sentence four remand, a reviewing court must determine if the new, material, and chronologically relevant evidence submitted "renders the denial of benefits erroneous." *Id.* at 1262. For a court to find the denial of benefits erroneous, the plaintiff must show that "in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence[.]" *Timmons v. Comm'r of Soc. Sec.*, 552 F. App'x 897, 902 (11th Cir. 2013) (citing *Ingram*, 496 F.3d at 1266-67). On the other hand, if the "additional evidence [is] either cumulative of the evidence before the ALJ or [is] not chronologically relevant, and none of it undermine[s] the substantial evidence supporting the ALJ's decision," the Commissioner's decision is due to be affirmed. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 785 (11th Cir. 2014).

### i. Disability Parking Application

Among the additional records Cochran submitted to the Appeals Council after the ALJ's unfavorable decision of April 3, 2020, was an Alabama Department of Revenue Application for Disability Access Parking Privileges dated January 8, 2019. (Tr. 262). This is a one-page pre-printed form used to apply for disability access license plates and placards in Alabama. (Tr. 262). The lower half of the form has a physician certification section where a licensed physician can check boxes for six qualifying conditions. (Tr. 262).

Here, Cochran's pain specialist Dr. Janush checked boxes for: "cannot walk two hundred feet without stopping to rest;" "cannot walk without the use of, or assistance from,

a brace, cane, crutch, another person, prosthetic device, wheelchair or other assistive device;" and "are severely limited in their ability to walk due to an arthritic, neurological, or orthopedic condition." (Tr. 262). This pre-printed form's probative value is minimal, and there is no reasonable possibility that it would change the administrative result. *See McGriff v. Comm'r Soc. Sec. Admin*, 654 F. App'x 469, 472 (11th Cir. 2016) (holding that evidence is "material" when it is "relevant and probative so that there is a reasonable possibility that it would change the administrative result) (internal quotes and citation omitted). There is no medical testing or documentation supporting the checked boxes, and the conditions checked are not reflected in Dr. Janush's contemporaneous medical records. (Tr. 584-616). They also conflict with a June 9, 2019, physical examination showing "normal muscle strength and tone in the . . . lower extremities" and "normal gait." (Tr. 463). The Eleventh Circuit has consistently rejected conclusory medical opinions in similar pre-printed questionnaires as immaterial. *See, e.g.*, *Harrison v. Comm'r of Soc. Sec.*, 569 F. App'x 874, 881 (11th Cir. 2014); *Burgin v. Comm'r of Soc. Sec,.* 420 F. App'x 901, 903 (11th Cir. 2011). Cochran's entirely conclusory disability parking application does not undermine the substantial evidence supporting the ALJ's decision, and the Appeals Council correctly held that it was immaterial. (Tr. 2). *See Williams v. Astrue*, 2011 WL 1131328, at *21 (N.D. Ga. Mar. 28, 2011) (finding that a parking permit submitted to the Appeals Council was "unhelpful" because it was "not supported by any objective medical evidence, nor [was] there any indication as to the basis for its issuance").

### ii. Straight Cane Prescription

Plaintiff also submitted a new prescription from Dr. Janush for a straight cane dated May 27, 2020. (Tr. 27). The Appeals Council found that this evidence did not relate to the period at issue before the ALJ's decision on April 3, 2020. (Tr. 2). The cane prescription is a one-page document that says in its entirety: "Straight cane c cloverleaf base Dx: Ataxia."[5] Nothing in the prescription relates it back to any particular office visit, examination, or time frame prior to the ALJ's decision. As such, the Appeals Council did not err in holding that the prescription was not chronologically relevant.

### C. Cochran's Chronic Kidney Disease and C. Diff.[6]

Plaintiff argues in her opening brief that the ALJ's failure to find that Cochran had an impairment related to her chronic kidney disease or chronic C. diff. was reversible error. Pl.'s Br. (Doc. 13) at 14-15. The Commissioner argues in opposition that because the ALJ found that Cochran had several severe impairments at step two and proceeded with the sequential evaluation process, he could not have committed reversible error by failing to find other severe impairments. Opposition Br. (Doc. 14) at 4-6. He also argues that Cochran failed to show that her chronic kidney disease and C. diff., whether severe or not, caused additional limitations beyond those found by the ALJ. *Id.* Cochran fails to respond

---

[5] "Ataxia describes poor muscle control that causes clumsy voluntary movements." https://mayoclinic.org/diseases-conditions/ataxia/symptoms (last visited Sept. 6, 2022).

[6] "Clostridioides difficile is a bacterium that causes an infection of the large intestine (colon). Symptoms can range from diarrhea to life-threatening damage to the colon. The bacterium is often referred to as C. Difficile or C. diff." https://mayoclinic.org/diseases-conditions/c-difficile/symptoms-causes (last visited Sept. 6, 2022).

13

to the Commissioner's arguments or supporting case law in her reply brief (Doc. 18), and has therefore abandoned her arguments concerning her chronic kidney disease and C. diff. *Hi-Tech Pharmaceuticals, Inc. v. Dynamic Sports Nutrition*, LLC, 2020 WL 10728951, at *16 (N.D. Ga. Jan. 10, 2020).

In addition, the Court finds the Commissioner's arguments persuasive. Because the ALJ found at step two that Cochran had severe impairments, he could not have committed reversible error by failing to find that her chronic kidney disease and C. diff were additional severe impairments. *Maziarz v. Sec. HHS*, 837 F.2d 240, 244 (6th Cir. 1987). Finding additional severe impairments in addition to the eight already listed would not have altered the sequential analysis the ALJ followed. Moreover, Cochran's evidence concerning her chronic kidney disease and C. diff does not undermine the substantial evidence supporting the ALJ's factual findings concerning her limitations which are based on her medical condition as a whole.

## V. CONCLUSION

For the foregoing reasons, it is ORDERED that the Commissioner's decision is AFFIRMED. A separate final judgment will issue.

DONE this 12th day of September, 2022.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE